CARPENTER
*v.*
MONTGOMERY.

*Thursday,
June 5.*

---

CARPENTER and Others *v.* MONTGOMERY.

The legislature may declare statutes in force from and after their passage in cases of emergency ; and of the existence of the emergency, the legislature is the judge.

The clerks of the Circuit Courts are not authorized to make a final record in any cause, at the costs of the losing party, except in certain cases, unless such party direct the record to be made.

ERROR to the *Gibson* Circuit Court.

*Thursday,
June 5.*

DEWEY, J.—Motion to tax costs. The following are the facts: At the *March* term, 1843, of the *Gibson* Circuit Court, an action of assumpsit between *Carpenter* and others, who are the plaintiffs in error, and *Montgomery* and others, was tried, and the verdict and judgment were for the defendants. The clerk of the Court, who is the defendant in error, without any directions from the plaintiffs, made up a final record of the cause, and taxed against them the usual fees for so doing. Afterwards, on the 8th day of *May*, 1843, the statutes of that year were deposited in the office of the clerk of the *Gibson* Circuit Court. At the *March* term, 1844, the plaintiffs, having given the clerk due notice, moved the Court to disallow the fees charged for the final record. The parties appeared; the motion was heard and overruled.

We think the decision was wrong. By a statute passed in *January*, 1843, it was provided, that no final record should be made by the clerks of the Circuit Courts, at the costs of the losing party, in any cause, except in criminal cases, cases in chancery on final hearing, in actions in which the title to real estate had been tried and determined, or in which heirs, executors, administrators, or guardians were parties, unless

the losing party should direct the record to be made. The act was declared to be in force from and after its passage. Laws, 1843, 68, 69. The cause in which the clerk made up the final record was not within any of the exceptions of the statute. By the constitution of this state, statutes are not to be in force until they are published in print, unless in cases of emergency. Of the existence of the emergency the legislature must necessarily be the judges; and when they deem it to exist, they have the right to declare a statute in force from and after its passage. They have exercised that right with regard to the law under consideration. Consequently, as the clerk made up the final record after the passage of the act, and without instructions to do so, he had no right to charge fees for it. The motion to disallow that charge should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. I. Battell* and *C. Baker*, for the plaintiffs.

*W. W. Wick* and *L. Barbour*, for the defendant.